# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-02887-CMA-NRN

SAVILLS STUDLEY, INC.,

    Plaintiff,

v.

ASHLEY ELKIN,

    Plaintiff.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
_____

This matter is before the Court on Plaintiff Savills Studley, Inc.'s Motion for Preliminary Injunction, in which Plaintiff seeks to preclude its former employee, Defendant Ashley Elkin, from using or disclosing Plaintiff's Company Information, Work Product, and trade secrets. (Doc. ## 2, 2-1.) Plaintiff also requests that Defendant immediately return all Company Information, Work Product, and property Defendant took from Plaintiff without its consent. (*Id.*)

On November 29, 2018, the Court conducted a five-hour hearing on Plaintiff's Motion. *See* (Doc. # 23.) The Court, after considering the Motion and evidence presented at the hearing, is of the opinion that the Motion should be GRANTED based on the findings of fact and conclusions of law the Court read into the record at the hearing. *See* (*id.*)

Accordingly, the Court ORDERS as follows:

1. Defendant must at all times maintain the confidentiality of all Company Information and Work Product, as defined in her Employment Agreement;

2. Defendant shall not use or disclose Plaintiff's Company Information or Work Product, including but not limited to the documents and information she uploaded or exported from her Company-issued desktop computer, any Company network, and/or the Savills-Apto Client Database, and any information derived therefrom;

3. Defendant shall not use, disclose, possess, or benefit from, either directly or indirectly, any of Plaintiff's confidential, proprietary, or trade secret information;

4. Defendant must immediately return, within three (3) days of the date of this Order, to Plaintiff all of Plaintiff's Company Information, Work Product, and property—whether in hard copy or in electronic form—in her possession; and

5. No later than December 4, 2018, Defendant must also provide Plaintiff's designated forensic investigator, Setec Investigations, with access to any and all of her Personal Dropbox accounts, her personal computer, her personal mobile devices, and any of her personal data storage devices (including, but not limited to, any CD, DVD, or USB drive) (collectively, "Defendant's Data Storage Devices") sufficient to permit Plaintiff's designated forensic investigator to perform the requisite forensic imaging and investigation of Defendant's Data Storage Devices. To ensure the confidentiality and privacy of any privileged and confidential personal and attorney-client communications on Defendant's Data Storage Devices, and to establish the protocol for such forensic

imaging and investigation, Plaintiff, Setec Investigations, and Defendant have agreed to and shall follow the following Protocol for Computer Forensic Inspection:

i. The terms of the Inspection Protocol are binding and take the place of any previously proposed protocols.

ii. **Forensic inspector**: To effectuate the terms of this Order, Setec Investigations ("Setec") will conduct a forensic inspection of Defendant Ashley Elkin's Data Storage Devices.

iii. **Inspection and Production Guidelines**: At the offices of Defendant's counsel, at a time agreed upon by Plaintiff and Defendant, the forensic inspection will begin with the forensic imaging and acquisition and/or inspection of the Data Storage Devices. Plaintiff's counsel, Plaintiff, Defendant's counsel, Defendant, and Defendant's forensic expert will be present.

Upon completion of the forensic imaging and acquisition process, Setec will perform subsequent analysis activities, at Setec's offices, on the acquired data pertaining to the following two categories:

- Non-Content Findings - Analysis to identify any potential location where Plaintiff's data may reside, as well as the identification of any efforts to delete or obfuscate the location of Plaintiff's data.

- Content Findings - Setec will be provided with a selection of search terms and criteria, which will be used to examine the data to evaluate whether the data includes Plaintiff's data. The electronic information isolated during the keyword search may then be subjected to manual

evaluation to remove false positives and uncover history and distribution attributes, which may be accomplished in part by locating its associated metadata.

During this initial forensic analysis, the examiner agrees not to provide any of the Content Findings to the Plaintiff or its attorneys. Upon conclusion of the computer forensic analysis, Setec will provide to Defendant's counsel the Content Findings that were identified and extracted during the computer forensic analysis. Defendant's counsel will review the Content Findings for matters of privilege and confidentiality. Defendant's counsel shall produce a privilege log showing any items withheld or redacted for these reasons. The privilege log shall be sufficiently specific to allow a determination of whether each withheld item or document is or is not privileged, including a description of the item or document, the identity of the author(s), the identity of the recipient(s) (if any), and the claimed privilege.

When Defendant's counsel completes the review, he or she will then permit Setec to produce a copy of the Content Findings, minus redactions or documents withheld for privilege, available to Plaintiff's counsel along with the privilege log generated by Defendant's counsel.

Notwithstanding any extensions agreed upon by the parties, Defendant's counsel will provide the privilege log to Setec for production with the copy of the Content Findings, minus redactions and withheld data and documents, within 15 business days after receiving the information from the

examiner. If the privilege log is not provided within 15 business days, or within the time of any extensions agreed to by Plaintiff and Defendant, the examiner shall produce a copy of the Content Findings to Plaintiff upon written request, copied on Defendant's counsel.

Challenges to the privilege log shall be subject to meet and confer requirements between the parties' attorneys consistent with the Federal Rules of Civil Procedure. The examiner shall not disclose to Plaintiff, its counsel, or testify as to the content or nature of any withheld or redacted documents or data unless Defendant's objection(s) have been overruled by the Court or withdrawn in writing signed by the objecting party's counsel of record.

Production pursuant to this inspection protocol shall not waive the parties' rights to object to the introduction of the evidence at trial.

6. Pursuant to the parties' stipulation at the hearing, see (Doc. # 23), Defendant waives any security required by Federal Rule of Civil Procedure 65(c).

7. Plaintiff's Motion for Preliminary Injunction (Doc. # 2) is GRANTED.

DATED: November 30, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge